FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

INTERCONTINENTAL DATA
COMMUNICATIONS LTD.
Suite 201, 14 John Mackintosh Square
Gibraltar, GX11 1AA, Gibraltar,

    Plaintiff,

v.

JOHN DOE and
21.COM, an Internet domain name,

    Defendants.

Civil Action No. 1:16 cv 613 LMB/JFA

## VERIFIED COMPLAINT

Plaintiff Intercontinental Data Communications Ltd., by counsel, alleges as follows for its Complaint against Defendants:

### NATURE OF THE SUIT

1. This is an action for violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), and the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, arising from the unauthorized access to Plaintiff's secured computer account and the unauthorized transfer of the 21.com domain name.

2. Plaintiff Intercontinental Data Communications Ltd. ("Intercontinental Datacom") seeks injunctive and other equitable relief as a result of the actions of a person of unknown identity who gained unauthorized access to Intercontinental Datacom's domain name management account on a protected computer, transferred control of the Defendant domain name from Intercontinental Datacom's account, and thereby disabled Intercontinental Datacom's control of the domain name causing irreparably injury to Intercontinental Datacom.

## PARTIES

3. Intercontinental Datacom is a company based in the country of Gibraltar with an address of Suite 201, 14 John Mackintosh Square, Gibraltar, GX11 1AA, Gibraltar. Until on or about June 1, 2015, Intercontinental Datacom was the registrant of the Defendant 21.com domain name. Intercontinental Datacom was, and is, the rightful owner of the Defendant 21.com.

4. Defendant 21.com is an Internet domain name which, according to records in the WHOIS database of domain name registrations, is now improperly registered in the name of "chenxiufeng, xiamenshisimingqukaiyuanxinjingzhongxinerqilianxingluxi31ti2102, xiamenshi fujian 361000 CN". A copy of the current domain name registration record for 21.com is attached as Exhibit A.

5. Defendant John Doe is a person of unknown identity located in China that gained unauthorized access to Intercontinental Datacom's protected domain name management account and, without consent or authority, transferred control of Defendant 21.com away from Intercontinental Datacom.

6. Upon information and belief, based upon research and due diligence, the name presently listed as the registrant of Defendant 21.com is a fictitious name and alias for John Doe.

7. Upon information and belief, based upon research and due diligence, the address presently listed in the domain name registration records for Defendant 21.com is fictitious and does not identify an actual address within China.

## JURISDICTION, VENUE AND JOINDER

8. This action arises out of John Doe's violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), and the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.

9. This Court has original jurisdiction under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a).

10. Upon information and belief, the name identified as the current registrant of the Defendant domain name 21.com is fictitious and the address identified in the domain name registration is fictitious.

11. Intercontinental Datacom through due diligence was not able to find a specifically identifiable person who would have been a defendant in this action, which provides the Court with *in rem* jurisdiction over the Defendant domain name 21.com pursuant to 15 U.S.C. § 1125(d)(2)(A)(i)(I). Intercontinental Datacom is providing notice, concurrently with the filing of this complaint, to the Defendants of its intent to proceed *in rem* against the Defendant domain name pursuant to 15 U.S.C. § 1125(d)(2)(A)(i)(I)(aa).

12. The Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(3) and (4), states that the *in rem* action, jurisdiction, and remedies created by the statute are "in addition to any other civil action or remedy otherwise applicable" and "in addition to any other jurisdiction that otherwise exists, whether in rem or in personam."

13. Intercontinental Datacom's claim for violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, is based on John Doe's unauthorized access to and alteration of computer records maintained on protected computers for the domain registry located within the district.

14. John Doe directed the acts complained of herein toward the district and utilized instrumentalities in the district in that John Doe gained unauthorized access to Intercontinental Datacom's domain name management account and associated computer records and thereafter, without authorization, caused the domain name registration records maintained in the district by VeriSign, Inc. to be altered so as to transfer control of Defendant 21.com away from

Intercontinental Datacom.

15. Venue is proper in this District pursuant to 15 U.S.C. § 1125(d)(2)(C) and 28 U.S.C. § 1391(b)(2) in that Defendant 21.com is property situated in this district, pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this district, and pursuant to 28 U.S.C. § 1391(b)(3) because John Doe is subject to this Court's personal jurisdiction.

16. Joinder of Defendant John Doe and Defendant 21.com is proper under Fed. R. Civ. P. 20(a)(2) in that the claims set forth herein arise out of the same series of transactions and the same questions of law are common to all of the Defendants.

## INTERCONTINENTAL DATACOM'S RIGHTS

17. Intercontinental Datacom is an information technology (IT) service provider based in Gibraltar.

18. Intercontinental Datacom is the legal owner of record of the Defendant 21.com domain name and has been the owner of Defendant 21.com since October of 2013.

19. A copy of a transfer order showing that the 21.com domain name was transferred to Intercontinental Datacom's domain name management account on or about October 28, 2013 is attached as Exhibit B.

20. Until on or about July 18, 2015, the named registrant of the 21.com domain name was WHOIS AGENT / WHOIS PRIVACY PROTECTION SERVICE, INC, which is a proxy registration service that was used by Intercontinental Datacom—the owner of the 21.com domain name.

21. A copy of an archived domain name registration record showing Intercontinental Datacom's proxy agent, WHOIS AGENT / WHOIS PRIVACY PROTECTION SERVICE, INC,

as the registrant of 21.com is attached as Exhibit C.

22. Intercontinental Datacom maintained an active website at 21.com until Defendant John Doe changed the settings for the domain name and thereby disabled Intercontinental Datacom's website.

23. Intercontinental Datacom also used the 21.com domain name for email and thousands of emails were sent and/or received through 21.com prior to the theft of the domain name by Defendant John Doe and Defendant John Doe's disabling of Intercontinental Datacom's email server settings.

24. Intercontinental Datacom used the 21.com domain name in U.S. commerce in association with the provision of information technology (IT) services to Internet consumers and Intercontinental Datacom is entitled to common law trademark protection in the 21.com domain name.

25. John Doe's unauthorized transfer and subsequent misuse of the 21.com domain name further demonstrates that the 21.com mark is entitled to trademark protection.

**UNLAWFUL TRANSFER AND REGISTRATION OF THE DOMAIN NAME**

26. Computer hacking and theft of intellectual property by persons based in China has become such a significant problem for American businesses that the director of the FBI stated in an October 5, 2014 interview with CBS that "Chinese hackers target[] the intellectual property of U.S. companies on a daily basis, costing the U.S. economy billions of dollars each year."

27. The United States government and federal law enforcement agencies regularly provide warnings of such attacks to American businesses. For example, the FBI recently issued a "flash" alert to a wide range of U.S. businesses warning of the actions of "a group of Chinese Government affiliated cyber actors who routinely steal high-value information from U.S.

5

commercial and government networks through cyber espionage."

28.   The Associated Press reported that a 2013 survey by the National Small Business association found that 44% of small businesses had been the subject of computer hacking.

29.   Intercontinental Datacom's claims in the present case involve one of the most recent iterations of such computer hacking actions—colloquially referred to as "domain name theft." The Wall Street Journal and the Huffington Post recently reported that the FBI received 26 separate reports of domain name theft over the last year even though the majority of such thefts go unreported.

30.   Intercontinental Datacom maintains a domain name management account with the domain name registrar eNom, Inc. operating under the name Bulk Register.

31.   Intercontinental Datacom's domain name management account with eNom, Inc. is maintained on a protected computer and access to the account should be restricted to only those persons that possess Intercontinental Datacom's user name and password.

32.   On May 22, 2016, Intercontinental Datacom noticed that the 21.com domain name was resolving to an unauthorized website offering the domain name for sale and that email services associated with the domain name were no longer operational. A screen print showing the unauthorized website and sale advertisement is attached as Exhibit D.

33.   Upon discovering that the 21.com domain name was resolving to an unauthorized website, Intercontinental Datacom immediately contacted Bulk Register. The customer service representative for Bulk Register directed Intercontinental Datacom to escalate the matter to the dispute department using an online ticket, which Intercontinental Datacom did that same day.

34.   On May 24, 2016, "Bunny B." from Bulk Register technical support responded, stating that "It appears your account may have been compromised" and recommending that

Intercontinental Datacom lock its account to prevent further unauthorized access until the matter could be further investigated.

35. A search of Intercontinental Datacom's administrative e-mail account reveals that Intercontinental Datacom never received a notification that the 21.com domain name was being transferred. Such a domain name transfer notification is required by the Internet Corporation for Assigned Names and Numbers (ICANN).

36. On information and belief, John Doe obtained unauthorized access to Intercontinental Datacom's domain registrar account and manipulated the computer records to obtain the transfer of the 21.com domain name through an "account transfer" within Bulk Register or other surreptitious manner intended to avoid detection by Intercontinental Datacom.

37. John Doe transferred the 21.com domain name from Bulk Register to the Chinese domain name registrar Ename Technology Co., Ltd., which is a common destination registrar for stolen domain names. This Court has in recent years ordered the return of a number of stolen domain names that were transferred without authorization to Ename Technology Co., Ltd.

38. When the 21.com domain name was transferred by John Doe without authorization, the domain name registrant information was changed and the technical settings for the domain name were changed thereby disabling Intercontinental Datacom's ability to use and control the domain name and associated website and email services.

39. The registration and use of the 21.com domain name by John Doe is without authorization from Intercontinental Datacom.

40. The Defendant 21.com domain name does not reflect the trademark or intellectual property rights of John Doe.

41. The Defendant 21.com domain name does not reflect the legal name of the current

registrant of the domain name.

42.     The current registrant of the Defendant domain name has not engaged in bona fide noncommercial or fair use of Intercontinental Datacom's 21.com trademark in a website accessible under the domain name.

43.     John Doe provided material and misleading false contact information in the domain name registration when changing the registrant for the Defendant 21.com domain name from Intercontinental Datacom to the current registrant.

44.     John Doe transferred the Defendant 21.com domain name without authorization from Intercontinental Datacom and thereby acquired a domain name which John Doe knew was identical to, and reflective of, Intercontinental Datacom's trademark.

## FIRST CLAIM FOR RELIEF

### Violation of the Federal Anticybersquatting Consumer Protection Act

45.     Intercontinental Datacom repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

46.     Intercontinental Datacom's 21.com trademark is distinctive and was distinctive prior to the time that John Doe transferred the Defendant 21.com domain name away from Intercontinental Datacom without authorization and thereby registered the Defendant domain name.

47.     The aforesaid acts by John Doe constitute registration, trafficking, or use of a domain name that is identical to Intercontinental Datacom's 21.com trademark, with bad faith intent to profit therefrom.

48.     Intercontinental Datacom, despite its due diligence, has been unable to find a specifically identifiable person who would have been a defendant in a civil action under 15

U.S.C. § 1125(d)(2)(A)(i)(I).

49. The aforesaid acts by John Doe constitute unlawful cyberpiracy in violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1).

50. The aforesaid acts have caused, and are causing, great and irreparable harm to Intercontinental Datacom and the public. Unless permanently restrained and enjoined by this Court, said irreparable harm will continue. Thus, pursuant to 15 U.S.C. § 1125(d)(2)(D)(i), Intercontinental Datacom is entitled to an order transferring the Defendant 21.com domain name registration to Intercontinental Datacom.

## SECOND CLAIM FOR RELIEF

### Violation of the Computer Fraud & Abuse Act

51. Intercontinental Datacom repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

52. John Doe: (a) knowingly and intentionally accessed Intercontinental Datacom's domain name management account on a protected computer without authorization and thereby obtained information from the protected computer in a transaction involving an interstate or foreign communication (18 U.S.C. § 1030(a)(2)(C)); (b) knowingly and with an intent to defraud accessed Intercontinental Datacom's domain name management account on a protected computer without authorization and obtained information from the computer, which John Doe used to further a fraud and obtain something of value (18 U.S.C. § 1030(a)(4)); and (c) intentionally accessed Intercontinental Datacom's domain name management account on a protected computer without authorization, and as a result of such conduct caused damage and loss (18 U.S.C. § 1030(a)(5)(C)).

53. John Doe's unlawful actions have included causing the protected domain name

registration records maintained in the district by VeriSign, Inc. to be altered so as to transfer control of Defendant 21.com away from Intercontinental Datacom.

54. Intercontinental Datacom has suffered damages as a result of the conduct complained of herein and the loss of a domain name worth millions of dollars.

55. As a direct result of the actions complained of herein, Intercontinental Datacom has suffered and continues to suffer irreparable harm for which Intercontinental Datacom has no adequate remedy at law, and which will continue unless enjoined.

## PRAYER FOR RELIEF

WHEREFORE, Intercontinental Datacom respectfully requests of this Court:

1. That judgment be entered in favor of Intercontinental Datacom on its claim for violation of the Anticybersquatting Consumer Protection Act and against the res Defendant 21.com.

2. That judgment be entered in favor of Intercontinental Datacom on its claim for violation of the Computer Fraud and Abuse Act and against Defendant John Doe.

3. That the Court order the Defendant 21.com domain name be returned to Intercontinental Datacom through VeriSign, Inc.'s transfer of the domain name from the current domain name registrar back to eNom, Inc. and by eNom, Inc.'s change of the registrant back to Intercontinental Datacom.

4. That the Court order an award of damages, costs and reasonable attorney's fees; and

5. That the Court order an award to Intercontinental Datacom of such other and further relief as the Court may deem just and proper.

Dated: June 2, 2016　　　By: _____
Attison L. Barnes, III (VA Bar No. 30458)
David E. Weslow (*for pro hac admission*)
WILEY REIN LLP
1776 K St. NW
Washington, DC 20006
(202) 719-7000 (phone)
(202) 719-7049 (fax)
abarnes@wileyrein.com
dweslow@wileyrein.com

*Counsel for Plaintiff*
*Intercontinental Data Communications Ltd*

## VERIFICATION

I, Hans Ola Orsing, Director at Intercontinental Data Communications Ltd., declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that the facts contained in the foregoing verified complaint are true and correct.

_____
Hans Ola Orsing

2/6-2016
Date