IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| INTERCONTINENTAL DATA COMMUNICATIONS LTD., <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOE and <br> 21.COM, an Internet domain name, <br><br> Defendants. | No. 1:16-cv-613 (LMB/JFA) |

### [Proposed] ORDER GRANTING PRELIMINARY INJUNCTION

This matter came before the Court on the motion of Plaintiff Intercontinental Data Communications Ltd. ("Intercontinental Datacom") for a preliminary injunction returning the domain name 21.com to Intercontinental Datacom's possession and control. The Court has considered Intercontinental Datacom's motion, the memorandum, the facts in the first amended verified complaint, and has held a hearing.

This matter is governed by the criteria for considering a preliminary injunction set forth in *Winter v. National Resources Def. Council*, 555 U.S. 7, 20 (2008). The Court finds that the criteria have been met in this case. The Court finds that: (1) Intercontinental Datacom has a strong likelihood of succeeding on the merits of its claims that (a) 21.com is a protectable trademark, the 21.com domain name has been stolen and thereby registered, trafficked, or used with bad faith intent to profit from Intercontinental Datacom's 21.com trademark, and (b) John Doe knowingly and intentionally accessed Intercontinental Datacom's domain name management account on a protected computer without authorization and as a result of such

- 2 -

conduct caused damage and loss; (2) Intercontinental Datacom is suffering irreparable harm in the absence of preliminary relief as (i) the 21.com website has been disabled, (ii) Intercontinental Datacom has lost control of email communications conducted through 21.com, and (iii) the current registrant is likely to take actions that will further alter the status quo and make it more difficult for Intercontinental Datacom to recover the domain name; (3) the balance of the equities weighs strongly in favor of Intercontinental Datacom; and (4) the issuance of an injunction is clearly in the public interest.

      NOW, THEREFORE it is HEREBY ORDERED that:

1. Verisign, Inc. ("VeriSign") is HEREBY DIRECTED to change the registrar of the 21.com domain name back to eNom, Inc. to restore the status quo prior to the apparent theft of the domain name, and eNom, Inc. is directed to return the registration of the domain name Intercontinental Datacom's name, until further order from this Court;

2. A bond in the amount of $500 shall be posted;

3. Intercontinental Datacom shall serve a copy of the pleadings filed in this action to date, along with a copy of this Order, upon Verisign, Inc.

Date: _____, 2016        _____
                                            United States District Judge