IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

INTERCONTINENTAL DATA                    )
COMMUNICATIONS LTD.,                     )
                                         )
            Plaintiff,                   )
                                         )
      v.                                 )     Civil Action No. 1:16cv0613 (LMB/JFA)
                                         )
JOHN DOE, *et al.*,                      )
                                         )
            Defendants.                  )
_____)

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the court on the motion for default judgment filed by

Intercontinental Data Communications Ltd. ("plaintiff") pursuant to Federal Rule of Civil

Procedure 55(b)(2).  (Docket no. 19).  Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned

magistrate judge is filing with the court his proposed findings of fact and recommendations, a

copy of which will be provided to all interested parties.

### Procedural Background

On June 2, 2016, plaintiff filed a complaint in this matter.  (Docket no. 1).  On June 3,

2016, plaintiff filed its amended complaint against the defendant domain name <21.com>

("defendant domain name") for cybersquatting pursuant to the *in rem* provisions of the

Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d), and against the

defendant John Doe for violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. §

1030 *et seq.*  (Docket no. 3).  Plaintiff's amended complaint sought an order directing VeriSign,

Inc. to transfer the registration for the defendant domain name from its current registrar to eNom,

Inc., and thereafter, directing that eNom, Inc. change the registrant of the defendant domain

1

name to the plaintiff. (*Id.* at 11). The amended complaint also sought an award of damages, costs, and reasonable attorney's fees. (*Id.*).

On June 3, 2016, plaintiff filed a motion for an order to publish notice of action (Docket no. 4), a memorandum in support (Docket no. 5), a declaration of David E. Weslow (Docket no. 5-1 at 2–3) ("First Weslow Decl."), an exhibit in support (Docket no. 5-1 at 5), and a waiver of hearing on the motion (Docket no. 6). Also on that date, plaintiff filed a motion for a preliminary injunction (Docket no. 7), a memorandum in support (Docket no. 8), and a notice setting a hearing on the motion for June 10, 2016 (Docket no. 9).

On June 6, 2016, the District Judge entered an order granting plaintiff's motion for an order to publish notice of action and directed that a copy of the order be published in *The Washington Post* or *The Washington Times* within fourteen (14) days after entry of the order and that a declaration be filed on plaintiff's behalf, no later than twenty (20) days after the entry of the order, describing the steps that have been taken to comply with the order. (Docket no. 10). The order also directed plaintiff to serve a copy of the order on defendant John Doe and the defendant domain name <21.com> via the e-mail address provided in the domain name registration. (*Id.*). On June 14, 2016, plaintiff filed a declaration by Ari Meltzer (Docket no. 12-1 at 1–2) ("Meltzer Decl.") and an affidavit from Tierra D. McKinley, an authorized agent of *The Washington Times* (Docket no. 12-1 at 4) ("McKinley Aff."), which described the steps plaintiff took to comply with the court's order to publish notice of action.

Plaintiff renoticed its motion for a preliminary injunction for a hearing on June 24, 2016. (Docket no. 11). Having received no opposition or response to plaintiff's motion for a preliminary injunction, on June 23, 2016, the District Judge granted plaintiff's motion for a preliminary injunction (Docket no. 14) and entered an Order Granting Preliminary Injunction

2

(Docket no. 15). In that order, the District Judge found, *inter alia*, that plaintiff has a strong likelihood of succeeding on the merits of its claims that (a) 21.com is a protectable trademark, the defendant domain name has been stolen from plaintiff and thereby registered, trafficked, or used with bad faith intent to profit from plaintiff's 21.com trademark, and (b) defendant John Doe knowingly and intentionally accessed plaintiff's domain name management account on a protected computer without authorization and as a result of such conduct caused damage and loss to plaintiff. (Docket no. 15 at 1–2). Based on those findings, the Court ordered the domain name registry VeriSign, Inc. to change the registrar of the defendant domain name to eNom, Inc. and, thereafter, directed eNom, Inc. to list plaintiff as the registrant. (*Id.* at 2). Plaintiff was required to post a cash security bond in the amount of $500.00 and to serve a copy of the pleadings, along with a copy of the order, upon VeriSign, Inc. (*Id.*). On June 23, 2016 the plaintiff posted the $500.00 cash security bond. (Docket no. 16).

On June 30, 2016, plaintiff filed its request for entry of default against the defendants (Docket no. 17), a second declaration of David E. Weslow (Docket no. 17-1 at 1–2) ("Second Weslow Decl."), and an exhibit in support (Docket no. 17-1 at 4). On July 1, 2016, the Clerk of Court entered default against the defendants pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (Docket no. 18). On July 1, 2016, plaintiff filed its motion for default judgment (Docket no. 19), memorandum in support (Docket no. 20), a third declaration of David E. Weslow (Docket no. 20-1) ("Third Weslow Decl."), and a notice setting a hearing on the motion for July 22, 2016 (Docket no. 21). On July 5, 2016, the undersigned entered an order directing plaintiff to renotice its motion for a hearing on another Friday. (Docket no. 22). On July 8, 2016, plaintiff renoticed its motion for default judgment for a hearing before the undersigned for July 15, 2016. (Docket no. 23) ("amended notice of hearing"). The motion for default

judgment, memorandum in support, and amended notice of hearing were sent to the e-mail address listed in the domain name registration record for the defendant domain name: 450634098@qq.com. (Docket nos. 19, 20, 23).  On July 15, 2016 plaintiff's counsel appeared at the hearing on the motion for default judgment before the undersigned and no one appeared on behalf of the defendants.

### Factual Background

In ruling on the motion for a preliminary injunction, the District Judge has previously considered the facts underlying the plaintiff's claim and has determined that plaintiff is likely to succeed on the merits of its claim under the ACPA. (Docket no. 15).  No new facts have been presented to the Court and it appears undisputed that the defendant domain name is identical to the plaintiff's 21.com mark and that the John Doe registrant obtained the defendant domain name through his unauthorized access of plaintiff's domain registrar account and subsequent transfer of the defendant domain name to a third-party domain name registrar.  (*Id.*).

### Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend."  Based on defendants' failure to file responsive pleadings in a timely manner, the Clerk of Court has entered a default as to the defendant domain name and the John Doe defendant. (Docket no. 18).

A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation — other than one relating to the amount of damages — is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts

4

alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter.

### Jurisdiction and Venue

The Court has previously found that there is *in rem* jurisdiction under the ACPA and that venue is proper by virtue of the presence of the registry VeriSign, Inc. in this district. (Docket no. 15).

### Service

In support of plaintiff's motion for an order to publish notice of action, David E. Weslow executed a declaration that indicated that on June 3, 2016, he sent a notice of alleged violation to the registrant of the defendant domain name at the e-mail and postal addresses on file with the WhoIs database for the defendant domain name. (First Weslow Decl. ¶ 5). The notice provided a copy of the amended complaint and stated that plaintiff intended to proceed with an *in rem* action in the United States District Court for the Eastern District of Virginia against the defendant domain name. (First Weslow Decl. ¶ 5; Docket no. 5-1 at 5). Pursuant to the court's June 6, 2016 order to publish notice of action (Docket no. 10), plaintiff published notice of this action in *The Washington Times* on June 8, 2016 (Meltzer Decl. ¶ 4; McKinley Aff.). As set forth in the published notice of action, any person claiming an interest in the defendant domain name was required to file an answer or other response to the complaint within twenty-one (21) days from the date of publication of the order in *The Washington Times*. (McKinley Aff.). The twenty-one-day time period for filing an answer or claim expired on June 29, 2016.

The ACPA provides that service of process in an *in rem* action may be accomplished by sending a notice of the alleged violation and intent to proceed under the ACPA to the registrant of the domain name at the postal and e-mail address provided by the registrant to the registrar and by publishing notice of the action as the court may direct promptly after filing the action. *See* 15 U.S.C. § 1125(d)(2)(B).  Plaintiff has complied with these provisions.

For these reasons, the undersigned recommends a finding that service of process has been accomplished in this action.

## Grounds for Entry of Default

Under Federal Rule of Civil Procedure 12(a), and as stated in the order to publish notice of action, anyone asserting a claim to the defendant domain name was required to file an answer or response with the Clerk of Court within twenty-one days from the date of publication of the order in *The Washington Times*; the notice of the order was published on June 8, 2016. (McKinley Aff.).  No responsive pleading or claim was filed by either the named registrant or anyone else claiming ownership of the defendant domain name.  On June 30, 2016, plaintiff filed a request for entry of default of the defendants, along with a declaration of David E. Weslow and an exhibit in support. (Docket nos. 17, 17-1).[1]  The Clerk of Court entered default as to the defendant domain name and John Doe on July 1, 2016. (Docket no. 18).  Plaintiff's motion for default judgment and memorandum in support of the motion were filed on July 1, 2016 and renoticed for a hearing on July 15, 2016. (Docket nos. 18, 19, 23).

---

[1] The third declaration submitted by David E. Weslow indicates that on June 13, 2016, plaintiff's counsel received a telephone call and an e-mail from Frank Liao, who claimed to be a relative of the then-current registrant of the defendant domain name. (Third Weslow Decl. ¶ 4).  Plaintiff's counsel responded by providing Mr. Liao with a copy of the amended complaint, the documents in support of plaintiff's motion for an order to publish notice of action, and the documents in support of plaintiff's motion for a preliminary injunction. (*Id.*).  Subsequently, plaintiff's counsel has received numerous e-mails from the e-mail address "450634098@qq.com," which corresponds to the e-mail address of record in the WhoIs database for the defendant domain name. (*Id.* ¶ 5; *see* Docket no. 3-1 at 2 (listing "450634098@qq.com" as the e-mail address of record for the defendant domain name in the WhoIs database)).

The undersigned magistrate judge recommends a finding that notice of this *in rem* action was provided properly, that neither John Doe nor anyone filed a responsive pleading or claim to the defendant domain name in a timely manner, and that the Clerk of Court properly entered a default as to the defendant domain name and John Doe.

### Liability and Relief Sought

According to Federal Rule of Civil Procedure 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Because no responsive pleading was filed, the factual allegations in the amended complaint are deemed admitted. *See* Fed. R. Civ. P. 8(b)(6). In essence the relief sought in this motion is to have the relief previously granted in the order on plaintiff's motion for a preliminary injunction become final. Given that there are no new facts or circumstances that would alter the Court's previous findings, it is recommended that the preliminary injunction become a final judgment of the Court and that the $500.00 bond posted by the plaintiff be returned. Because the undersigned has recommended a judgment for plaintiff under the ACPA that affords plaintiff the entire relief requested in its motion for default judgment, the undersigned need not, and, accordingly, does not, consider plaintiff's alternative basis for recovery against the John Doe defendant under the CFAA.

### Conclusion

For these reasons, the undersigned magistrate judge recommends that a default judgment be entered in favor of Intercontinental Data Communications Ltd. and against the defendant domain name <21.com>, that the injunctive relief previously obtained by the plaintiff become a final judgment, and that the $500.00 bond posted by the plaintiff be returned.

7

## NOTICE TO PARTIES

Failure to file written objections to these proposed findings of fact and recommendations within fourteen (14) days after being served with a copy of the proposed findings of fact and recommendations may result in the waiver of any right to a *de novo* review of the proposed findings of fact and recommendations and such failure shall bar you from attacking on appeal any findings and conclusions accepted and adopted by the District Judge except upon grounds of plain error.  A copy of these proposed findings of fact and recommendations shall be sent by mail to "chenxiufeng",  at xiamenshisimingqukaiyuanxinjingzhongxinerqilianxingluxi31ti2102, xiamenshi fujian 361000 CN, and by e-mail to 450634098@qq.com.

ENTERED this 15th day of July, 2016.

/s/

John F. Anderson
United States Magistrate Judge

John F. Anderson
United States Magistrate Judge

Alexandria, Virginia

8